17709

STATE, Respondent, v. Douglas Clee THORNE, Appellant
(116 S. E. (2d) 854)

*Messrs. James A. K. Rober* and *Harold N. Morris,* of Greenville, *for Appellant,*

*James R. Mann, Esq., Solicitor,* of Greenville, *for Respondent,*

November 3, 1960.

TAYLOR, Justice.

Appellant was tried and convicted of the crime of rape and sentenced to be executed.

There is testimony to the effect that the alleged victim, a young girl 16 years of age, was seized by Appellant while in the business section of the City of Greenville, forced into his car and carried to an outlying area where the acts charged were allegedly committed. A further recital of the sordid facts will serve no purpose in this appeal.

After giving the usual charge, including the proposition that the trial Judge is prohibited by the Constitution from commenting on the facts, it was further stated that "if during the progress of the case your presiding judge has in any way indicated any idea which he may have about the

facts in the case such was inadvertent and unintentional and I instruct you, therefore, if such has been done to disregard it because you are entirely the judges of the facts in the case and may that always be in the trial of every case in this great State of ours."

With the foregoing we are in accord; however, immediately before instructing the jury with respect to the form of their verdict, the following language was used:

"Mr. Foreman and Gentlemen, every man the law says has the right to walk up and down the streets and highways of our State without fear of being robbed of his money. And I will tell you frankly that every woman has the right to walk upon the highways and our streets without the fear of being robbed of something which God alone gives her and when that is stolen from her she is very poor indeed. Such an act is not looked upon by the law with any degree of lightness. The facts are for you. The law is established in this State as it is written."

Art. 5, Sec. 26, Constitution of the State of South Carolina, 1895, provides:

"Judges shall not charge juries in respect to matters of fact, but shall declare the law."

In *China v. City of Sumter,* 51 S. C. 453, 29 S. E. 206, 209, this Court used the following language:

"It is contended, however, that this error was obviated by the fact that the circuit judge in several other portions of his charge told the jury that all the questions of fact were exclusively for them. But this view cannot be accepted, for if, as we have seen, the real object of this constitutional provision was to leave all questions to the jury, to be decided according to their own judgment, unbiased by any expression, or even intimations, of opinion from the judge, it is manifest that such object would be defeated if a circuit judge should be allowed to express his own opinion upon any material question of fact, and then undertake to wipe out the

impression made upon the minds of the jury by telling them that all questions of fact were for them. The impression having been once made, it would be very difficult, if not impossible, thus to obliterate it, and the result would be that the jury would be more or less influenced by an opinion coming from so high a source as an intelligent judge, whose mind had been trained to weigh testimony and determine its force and effect, and thus the very object of the constitional provision—to preserve the minds of the jury from being in any way influenced by the opinion of the judge as to a question of fact, would be defeated.   *   *   *"

The Judge must be careful to avoid expressing, or even intimating, any opinion, as to the facts, and if he does so, whether intentionally or unintentionally, a new trial must be granted. Under our Constitution the jury is the exclusive judge of the facts, and the true meaning and real object is that the jury must be left to form its own judgment, unbiased by any expressions, or even intimations of opinion by the Judge. *State v. James,* 31 S. C. 218, 9 S. E. 844.

This Court held in *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797, and *State v. Johnson,* 85 S. C. 265, 67 S. E. 453, that a Judge violates this provision when he expresses in his charge his own opinion upon the force and effect of the testimony, or any part of it, or intimates his views of the sufficiency or insufficiency of the evidence in whole or in part.

In *State v. Smith,* 227 S. C. 400, 88 S. E. (2d) 345, 350, after quoting and citing *China v. City of Sumter, supra,* this Court further stated:

"It is therefore clear that while a charge must be considered as a whole, an erroneous charge will not be cured by it being stated that all questions of fact are exclusively for the jury, as the real objective of the constitutional provision against charging on the facts is to leave all questions of fact to the jury to be decided according to their own

judgment, unbiased by any expression or even intimation of any opinion from the judge."

Proper evaluation of the erroneous portion of the charge requires that we view it in the light of the circumstances; and it is impossible to say just what effect this portion of the instruction, coming so late in the charge, had upon the jury, but it must be assumed that it was not disregarded.

In instant case, defendant took the stand and asked that he be executed for his crime, but this does not alter the fact that he is entitled to a trial free from error.

We are, therefore, of the opinion that the verdict and sentence should be set aside and the case remanded to the Court of General Sessions for Greenville County for a new trial; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.