## 20660

**The STATE, Respondent, v. Samuel Marvin NORRIS, Appellant.**

(243 S. E. (2d) 440)

*Asst. Public Defender Melvin D. Bannister,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

April 11, 1978.

NESS, Justice:

This appeal is from a conviction of assault and battery of a high and aggravated nature. We affirm.

The sole issue is the priority of the judge's charge to the jury. In his instructions on assault and battery of a high and aggravated nature, the judge noted several of the facts in the case such as the disparate weights and ages of the appellant and the victim. Appellant

asserts this violated Article V, Section 17 of the South Carolina Constitution which prohibits a judge from charging juries on matters of fact. We disagree.

The constitutional provision was designed to preserve inviolate the jury's fact finding function. All questions of fact are to be decided exclusively by the jury, uninfluenced by any expressions of opinion by the judge. *State v. White,* 15 S. C. 381 (1881) ; *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371 (1938) ; *State v. Thorne,* 237 S. C. 248, 116 S. E. (2d) 854 (1960).

However, where the facts stated in a charge are not in dispute, the instruction is not erroneous. *Turner v. Lyles,* 68 S. C. 392, 48 S. E. 301 (1904) ; *Riser v. Southern Ry.,* 67 S. C. 419, 46 S. E. 47 (1903).

The weights and ages of the appellant and the victim were not questions of fact for the jury. Appellant admitted his age and weight on cross-examination. Accordingly, we affirm, concluding the trial judge's reference to undisputed facts did not violate Article V, Section 17 of the South Carolina Constitution.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.