22621

The STATE, Respondent v. Limmie ARTHER, Appellant.

(350 S. E. (2d) 187)

Supreme Court

*Chief Atty. William Isaac Diggs* and *Deputy Chief Atty. Elizabeth C. Fullwood, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Sept. 15, 1986.

Decided Oct. 20, 1986.

GREGORY, Justice:

Appellant was convicted of murder and armed robbery and sentenced to death and twenty-five years. We affirm the convictions and the armed robbery sentence and remand for a new sentencing proceeding on the murder conviction.

## FACTS

"Cripple Jack" Miller, the sixty-five year old victim in this case, lived near appellant's family. On the day of the murder, appellant's sister, Marilyn, agreed to drive Cripple Jack and his wife to a nearby town to pay some bills. Appellant went along for the ride. Cripple Jack first cashed a government check at a local drugstore. After making several more stops, Marilyn drove to Cripple Jack's home where

appellant got out with Cripple Jack for the stated purpose of getting some firewood. Cripple Jack was not seen alive again.

The victim's wife found his body upon her return home later that day. He had been killed by a blow to the head with an ax. His pockets were turned inside out. A blood-stained ax and two shirts soaking in a tub of water were found at the scene. One shirt, later identified as appellant's, was stained with blood of the victim's type.

Appellant was arrested at his father's home a short time later. One of the boots he was wearing was stained with human blood. His wallet contained approximately one hundred dollars. Upon questioning by police officers, appellant said he had stolen the money from his father. His father, however, denied that appellant could have stolen any money from him. Appellant then changed his statement to say that he had stolen some of the money from his father and some from Cripple Jack while they were driving around together in Marilyn's car. Appellant denied that he had killed Cripple Jack.

## GUILT PHASE

First, appellant contends that trial judge should have disqualified the entire jury panel or given a limiting instruction regarding appellant's prior record at the close of the guilt phase.

During voir dire, one juror revealed that she had overheard two other jurors discussing the case and one remarked that appellant "had killed someone before." These three jurors were excused. The record indicates none of the other jurors heard the remark. Moreover, the trial judge took every precaution to ensure the elimination of potential jurors who may have been prejudiced and to ascertain the absence of prejudice on the part of those chosen to serve. The record supports the trial judge's finding of juror competence. *State v. Dingle*, 279 S. C. 278, 306 S. E. (2d) 223 (1983); *State v. Thompson*, 278 S. C. 1, 292 S. E. (2d) 581 (1982).

Further, a limiting instruction regarding appellant's prior record was unnecessary because no evidence of prior convictions was introduced at the guilt phase.

*See State v. Hyman,* 276 S. C. 559, 281 S. E. (2d) 209 (1981) (law to be charged must be determined from evidence presented). The trial judge did charge the jury not to consider anything heard outside the courtroom. This charge was adequate under these circumstances to ensure the jury would render a verdict based upon the evidence presented.

Next, appellant argues the unconstitutionality of excluding jurors at the guilt phase for their opposition to the death penalty. Although we granted appellant's petition to argue against this Court's precedent, *State v. Spann,* 279 S. C. 399, 308 S. E. (2d) 518 (1983); *State v. Hyman,* 276 S. C. 559, 281 S. E. (2d) 209 (1981); *State v. Goolsby,* 275 S. C. 110, 268 S. E. (2d) 31 (1980), the issue has subsequently been resolved by the United States Supreme Court and we now decline to reconsider it. *Lockhart v. McCree,* _____ U. S. _____, 106 S. Ct. 1758, 90 L. E. (2d) 137 (1986).

Next, appellant contends his convictions should be reversed because the trial judge failed to charge the jury to determine that appellant had received and understood his *Miranda* rights before appellant's statement could be considered as evidence against him.

After his arrest, appellant gave a statement to police officers that was inculpatory insofar as he admitted that the blood-stained shirt found at the murder scene belonged to him and that he had stolen some money from the victim earlier on the day of the murder. Before admitting this statement at trial, the court conducted a *Jackson v. Denno* hearing. The police officers testified that they gave appellant his *Miranda* warnings and that he consistently indicated he understood them. The record contains no evidence to the contrary.

The trial judge found the statement was freely and voluntarily given beyond a reasonable doubt. He also specifically found that appellant had received and understood his *Miranda* rights and that he had waived them, a finding required under this Court's holding in *State v. Middleton,* 288 S. C. 21, 339 S. E. (2d) 692 (1986). Over appellant's objection, the statement was admitted into evidence.

The trial judge charged the jury to determine whether the statement was freely and voluntarily given beyond a reasonable doubt. He did not, however, instruct the jury that it

must also find appellant had received and understood his *Miranda* rights. Appellant contends this was reversible error under *State v. Adams*, 277 S. C. 115, 283 S. E. (2d) 582 (1981).

In *Adams* we held that if an accused is in custody at the time of his alleged confession, the jury must be instructed to find that the accused received and understood his *Miranda* rights before it can consider the confession as evidence. The omission of this charge, however, is harmless error when the facts are susceptible of no other reasonable inference than that the accused did receive and understand his rights. *Cf. State v. Drayton*, 287 S. C. 226, 337 S. E. (2d) 216 (1985); *State v. Linnen*, 278 S. C. 175, 293 S. E. (2d) 851 (1982). We find the asserted error harmless in this case.

Next, appellant contends that the trial judge impermissibly commented on the facts in his jury charge by referring to appellant's statement as a "confession." Appellant's statement did constitute a confession that he stole money from the victim. When facts stated in a charge are not in dispute, the instruction is not erroneous. *State v. Norris*, 270 S. C. 552, 243 S. E. (2d) 440 (1978). We find no error.

Finally, appellant complains of allegedly improper references to his post-arrest silence. Disclosure to the jury of an accused's silence at any stage of an interrogation violates his constitutional protection against self-incrimination. *Doyle v. Ohio*, 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976). This violation, however, does not require reversal of a conviction if a review of the entire record establishes that any error was harmless beyond a reasonable doubt. *State v. Truesdale*, 285 S. C. 13, 328 S. E. (2d) 53 (1984).

The comments purportedly concerning appellant's silence are miniscule in the record. Their negligible effect is demonstrated by the failure of defense counsel to object at any time. One of the contested references, in fact, was elicited by defense counsel on cross-examination. Moreover, the solicitor did not allude to appellant's post-arrest silence in closing argument at the guilt phase. Our review of the entire record indicates that any *Doyle* vio-

lation could only be harmless beyond a reasonable doubt.

We find no reversible error in the guilt phase of appellant's trial.

## SENTENCING PHASE

Appellant contends his death sentence must be reversed because of the improper admission of a hearsay affidavit in his sentencing proceeding. We agree.

The solicitor introduced into evidence a 1975 North Carolina arrest warrant with a supporting affidavit that charged appellant with the murder of his brother. The murder charge was dismissed by the prosecutor and appellant pleaded guilty to involuntary manslaughter. He was sentenced to five years probation.

While information concerning a prior criminal conviction is admissible as additional evidence during the sentencing phase, *State v. Gaskins*, 284 S. C. 105, 326 S. E. (2d) 132 (1985); *State v. Plath*, 281 S. C. 1, 313 S. E. (2d) 619 (1984), information regarding a formal charge that was ultimately dismissed by the prosecutor is irrelevant. Moreover, a hearsay affidavit is not admissible evidence in a criminal case. *State v. Stewart*, 288 S. C. 232, 341 S. E. (2d) 789 (1986); *State v. Latham*, 275 S. C. 550, 273 S. E. (2d) 772 (1981). Error in the admission of an affidavit is reversible upon a showing of prejudice. *State v. Smith*, 230 S. C. 164, 94 S. E. (2d) 886 (1956).

We are convinced that appellant was unfairly prejudiced by admission of the affidavit charging him with murder, especially in light of the solicitor's exploitation of the affidavit in closing argument when he referred to this case as appellant's "second murder."

Appellant further contends and we agree that he was unfairly prejudiced by the solicitor's comment in closing argument regarding his failure to testify during the penalty phase. The solicitor stated:

"Remorse. You've heard the evidence. You know what happened. Remorse. Did he say, I'm sorry. I didn't mean to do it. I didn't appreciate the criminality of my conduct at the time ... Have you heard that from him?"

This Court has repeatedly admonished that the pros-

 must not comment directly or indirectly on a defendant's failure to take the stand. *State v. Goolsby,* 275 S. C. 110, 268 S. E. (2d) 31 (1980); *State v. Rouse,* 262 S. C. 581, 206 S. E. (2d) 873 (1974); *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671 (1961). Because the fifth amendment privilege against compelled self-incrimination applies in both the guilt and penalty phases of a capital trial, *Estelle v. Smith,* 451 U. S. 454, 101 S. Ct. 1866, 68 L. Ed. (2d) 359 (1981), this prosecutorial restraint applies in both phases as well.

The solicitor's reference to appellant's decision not to ██ ██ testify was improper. There was no attempt to cure any resulting prejudice with a jury charge to the effect that no adverse inference could be drawn from appellant's silence. While failure to give this charge absent a request is not in itself reversible error, *State v. White,* 243 S. C. 238, 133 S. E. (2d) 320 (1963), the better course is to give a no adverse inference charge in both the guilt and penalty phases of a capital trial when the defendant chooses not to testify.

Appellant raises other assignments of error in the imposition of the death sentence that we need not address here. We remind the solicitor, however, that on remand he is to meticulously refrain in argument from any attempt to minimize the jury's sense of responsibility for imposition of a death sentence. *See State v. Thomas,* 287 S. C. 411, 339 S. E. (2d) 129 (1986); *State v. Sloan,* 278 S. C. 435, 298, S. E. (2d) 92 (1982).

Appellant's exception regarding his sentence for armed robbery is without merit and the sentence is affirmed under Supreme Court Rule 23. *See State v. Robinson,* 287 S. C. 173, 337 S. E. (2d) 204 (1985).

Accordingly, the convictions and the armed robbery sentence are affirmed and the case is remanded for a new sentencing proceeding on the murder conviction.

Affirmed in part, reversed in part, and remanded.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.