# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Nyquan Tykie Brown, Appellant.

Appellate Case No. 2019-001548

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Opinion No. 5953
Heard September 15, 2022 – Filed November 30, 2022

**AFFIRMED**

Appellate Defender Lara M. Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody J. Brown, and
Assistant Attorney General Julianna E. Battenfield, all of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, all for Respondent.

**HEWITT, J.:**  This is an appeal of a murder conviction.  The sole issue is whether it was error for the circuit court to instruct the jury that it was permissible (but not required) for the jury to infer malice if the killing occurred during the commission of a felony.

The charge was straight out of precedent, but a line of cases suggests it may be improper because it arguably emphasizes a particular fact in evidence—the commission of a felony. We do not reach that question; we do not hold the charge was improper. Instead, we hold that if it was error, the error was harmless. The only dispute at trial was identity, not malice. For that reason, we affirm.

**FACTS**

Nyquan Brown was indicted for murder, armed robbery, and possession of a weapon during the commission of a violent crime. Fred Anderson—the victim—was robbed, shot, and killed in his friend's apartment. Anderson was a known marijuana dealer.

The basic facts were not disputed. Anderson was sitting in the apartment with one of the women who lived there. Two masked men entered through an unlocked door. They demanded Anderson give them his marijuana and money. Anderson gave the men a mason jar containing marijuana and the small amount of money in his pocket. The men demanded Anderson give them his wallet. Anderson said he did not carry a wallet.

The intruders allowed the woman sitting with Anderson to go upstairs. She did so, but after that, she walked part of the way back down the stairs and remained in the stairwell. She heard commotion and tussling and heard Anderson say he would not fight the men because one of them had a gun. There were multiple gunshots after that. The investigation eventually revealed that someone shot Anderson four times and that two of the shots were likely fatal. There was also testimony of a delay between the third and fourth gunshots.

No one gave a detailed description of the robbers. The woman who had been sitting with Anderson saw only one person with a gun before she went upstairs. She said this person was Black and unusually short. Surveillance footage revealed the men running into a nearby apartment after the shooting. Footage from before the crime showed someone coming out of that same apartment and pointing the men towards Anderson's apartment. An investigator identified that person as Jonathan Suber-Purry. After giving several inconsistent and false statements, Suber-Purry identified Brown as one of the men shown on the footage for the police. Phone records supported this identification.

Police located and arrested Brown, and the case proceeded to trial. The circuit court gave the following instruction in its jury charge:

> Malice can be inferred if one kills another during the commission of a felony. Now, [if] the facts are proved beyond a reasonable doubt sufficient to raise an inference of malice to your satisfaction, this inference would be simply an evidentiary fact to be considered by you, along with all the other evidence in the case. And you give it the weight that you decide it should receive.

A jury found Brown guilty as to all three indictments.

## ISSUE

Was the implied malice instruction burden-shifting or a charge on the facts?

## STANDARD OF REVIEW

"An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "When reviewing a jury charge for error, an appellate court considers the charge as a whole; the charge must be prejudicial to the appellant to warrant a new trial." *State v. Stukes*, 416 S.C. 493, 498, 787 S.E.2d 480, 482 (2016).

## HARMLESS ERROR

While we do not hold that the instruction was error, we think that if it was erroneous, the instruction was harmless.

"Errors, including erroneous jury instructions, are subject to harmless error analysis." *State v. Burdette*, 427 S.C. 490, 496, 832 S.E.2d 575, 578 (2019) (quoting *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009), *overruled on other grounds by Burdette*, 427 S.C. at 504 n.3, 832 S.E.2d at 583 n.3). "In order to find the error harmless, we must determine beyond a reasonable doubt that the error complained of did not contribute to the verdict." *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998). "In making a harmless error analysis, our inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." *Id.* at 145, 498 S.E.2d at 218.

The core dispute in this case was identity—whether the State could prove beyond a reasonable doubt that Brown was the masked shooter. The evidence was somewhat limited, including only the description from Anderson's friend (she said the shooter was short and Black), Suber-Purry's identification of Brown, and phone records placing Brown's phone near the scene. The defense focused on discrediting Suber-Purry by highlighting his inconsistent and false statements to police. It also argued the State was blaming Brown for the crime because Brown happened to be short.

The point is that nobody disputed the other aspects of this incident, including whether this killing was unprovoked and deliberate. Nobody disputed there had been an armed robbery. Nobody argued Anderson's killing lacked malice. While the State always bears the burden of proving all elements of a crime beyond a reasonable doubt, we are not persuaded that an instruction about drawing an inference of malice had any bearing on a case where the undisputed evidence is that an unarmed victim was shot multiple times after he expressly disclaimed any intent to defend himself.

**FELONY MURDER**

We need not go further to resolve this case, but as far as we can tell, this is the first case that has called on us to apply our supreme court's "elevating a fact" cases to felony murder.

Jury charges that comment on the facts of a case are not allowed. *See* S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."). A jury instruction is a comment on the facts when it expresses the court's opinion of a case, thereby imposing the court's belief on the jury in a way likely to influence it. *See Enlee v. Seaboard Air Line Ry.*, 110 S.C. 137, 146, 96 S.E. 490, 492 (1918) ("The purpose of [prohibiting judges from charging on the facts] is to prevent the trial judge from intimating to the jury his opinion of the case what weight or credence should be given to the evidence and participating in any manner with the jury's finding of fact."); *see also State v. Thorne*, 237 S.C. 248, 251, 116 S.E.2d 854, 855 (1960) ("Under our Constitution the jury is the exclusive judge of the facts, and the true meaning and real object is that the jury must be left to form its own judgment, unbiased by any expressions, or even intimations, of opinion by the Judge.").

We do not think the charge here is a comment on the facts. The instruction does not imply the circuit court believed Brown committed armed robbery. It does not

suggest the court was attempting to influence the jury to find malice in this particular way, nor did it encourage the jury to give evidence of the robbery any special weight.

Recent precedent has directed circuit courts to refrain from giving instructions that guide juries on the inferences they can draw from evidence or that tells the jury to consider particular evidence and how to construe it. *State v. Cheeks* invalidated the instruction that knowledge of the presence of drugs is strong evidence of intent to control the disposition or use of drugs. 401 S.C. 322, 328-29, 737 S.E.2d 480, 484 (2013). *State v. Stukes* invalidated the instruction that the accuser's testimony in a criminal sexual conduct case need not be corroborated. 416 S.C. 493, 499-500, 787 S.E.2d 480, 483 (2016). *Burdette* held courts could no longer instruct juries that they may infer malice from the use of a deadly weapon. 427 S.C. at 501-04, 832 S.E.2d at 582-83. This list goes on. *See State v. Stewart*, 433 S.C. 382, 391, 858 S.E.2d 808, 813 (2021) (involving an instruction about knowledge or possession of drugs when drugs are found on property under the defendant's control); *Pantovich v. State*, 427 S.C. 555, 562, 832 S.E.2d 596, 600 (2019) (involving an instruction on good character alone).

We understand these decisions as being driven by the desire to protect the jury's authority to weigh the evidence and draw inferences from the evidence. The lawyers are free in argument to suggest how the jury should think about the evidence and what conclusions they should draw, but the ultimate decision is the jury's to make.

There is a good argument that this charge is meaningfully different from the ones listed above. Precedent tells us the key feature of felony murder is that the intent to commit the underlying felony substitutes for the malice element of murder. *See Gore v. Leeke*, 261 S.C. 308, 315, 199 S.E.2d 755, 757 (1973). One argument that this charge is different than the charges that have been recently invalidated is that felony murder under *Gore* does not involve the jury using the intent to commit a felony to infer the malice element of murder. In felony murder, "[t]he law" implies malice "from proof of the felony." *Id.*

This view makes sense when considering the rationale of felony murder as aimed at deterring people from committing felonies that are inherently dangerous. As Iowa's highest court explained, felony murder is not a "shortcut" to finding malice. *State v. Harrison*, 914 N.W.2d 178, 193 (Iowa 2018). There, and (apparently) under *Gore*, malice is not an element of felony murder.

Even so, we cannot say this approach to felony murder is the approach that clearly applies in South Carolina. We have *Gore*'s instruction that the intent to commit a

felony will make murder out of any killing during the felony, but we also have two burden-shifting cases that say the most the court can charge in a felony murder situation is that the jury may infer malice from the felony. *Lowry v. State*, 376 S.C. 499, 506, 657 S.E.2d 760, 764 (2008); *State v. Norris*, 285 S.C. 86, 92, 328 S.E.2d 339, 342 (1985), *overruled by Belcher*, 385 S.C. at 612 n.10, 685 S.E.2d at 810 n.10. These cases state the court cannot tell the jury that it must infer malice or that the law infers malice.

We may be mistaken, but we were not able to read *Gore* together with *Lowry* and *Norris* and reach a clear conclusion about how felony murder applies in South Carolina and what (if anything) a circuit court should charge with respect to that doctrine. A charge from a case in another jurisdiction seemed to make made good sense under *Gore*. That charge said:

> The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs as a result of the commission or attempt to commit [the underlying felony, which must be a dangerous felony] and where there was in the mind of the perpetrator the specific intent to commit [that crime] is murder . . . . The specific intent to commit [the felony] and the commission or attempt to commit such crime must be proved beyond a reasonable doubt.

*People v. Burton*, 491 P.2d 793, 799 n.3 (Cal. 1971) (en banc) (internal references omitted). While that charge seems to accurately capture "traditional" felony murder that criminalizes any killing—even an accidental one—occurring during the commission of a dangerous felony, it seems contrary to *Lowry* and *Norris*, which limited courts to giving a permissive inference charge. It may be that *Lowry* and *Norris* are distinguishable because they were brought as burden-shifting cases, not as directly addressing whether "malice" is an element of felony murder. Or, it may be that a permissive inference charge under *Lowry* and *Norris* is all the court can say. If the permissive inference charge is invalid under the "elevating a fact" line of cases, we wonder what the circuit court can say about felony murder, if anything. This uncertainty is why we started with harmless error, for as we explained at the beginning, the parties in this case did not dispute malice, and there is no doubt the permissive inference charge did not contribute to this verdict.

**BURDEN-SHIFTING**

Brown argues the permissive inference charge given here was burden-shifting. We will not dwell long on this argument. As we explained during our discussion of *Lowry* and *Norris*, inference charges are not burden-shifting if they are permissive and not mandatory. *See Lowry*, 376 S.C. at 506, 657 S.E.2d at 764 (granting post-conviction relief because the instruction did not tell the jury it *may* infer malice but that it *must*); *Norris*, 285 S.C. at 92, 328 S.E.2d at 342 (finding no error with the instruction telling the jury it *could* infer malice); *see also State v. Wilds*, 355 S.C. 269, 277, 584 S.E.2d 138, 142 (Ct. App. 2003) ("In a charge to the jury, the judge should make clear to the jury that it is free to accept or reject the permissive inferences depending on its view of the evidence.").

**CONCLUSION**

For these reasons, Brown's murder conviction and sentence is

**AFFIRMED.**

**KONDUROS and VINSON, JJ., concur.**