22967

The STATE, Respondent v. Leon JACKSON, Appellant.

(377 S. E. (2d) 570)

Supreme Court

*David I. Bruck,* of *Bruck & Blume,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Gwendolyn L. Fuller,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Jan. 10, 1989.

Decided Feb. 21, 1989.

TOAL, Justice:

The sole issue on appeal is whether a statement made during the jury instruction constituted an impermissible comment upon the facts by the trial judge.

Jackson was indicted for criminal conspiracy, distribution of crack cocaine, distribution of cocaine, and possession of crack cocaine. The evidence showed that Jackson made two sales of crack cocaine to Alvin James, an informant, on June 9 and 10, 1987. Shortly after the sale, on June 10, 1987, Jackson was stopped in his car. When the car was sniffed by a drug dog, the dog indicated that drugs were present in the car. A search produced a broken glass vial containing a sugary material and a .32 caliber pistol.

A SLED chemist testified that the white rocks involved in the sales to the informant were crack cocaine. In regard to the substance in the vial, however, he stated that he could not determine whether the substance was crack cocaine or just cocaine. The reason for this was that he could not perform one of the tests that differentiates crack from cocaine because of the insufficient amount of the substance in the vial. He testified that there was a sufficient amount of the substance to be analyzed for cocaine. He conducted the analysis and determined that the substance was cocaine.

Prior to submitting the case to the jury, the judge granted a directed verdict of not guilty on the indictment for possession of crack cocaine which involved the glass vial. The court's ruling was based on the chemist's testimony that he could not determine if the substance was crack. The trial judge, however, stated that he would submit the lesser included offense of possession of cocaine.

Thereafter, the trial judge made the following statements in the jury instructions:

> "In the next indictment, ladies and gentlemen, the state has charged—also charged the defendant with possession of crack cocaine, and that indictment I have ruled as a matter of law that the state has not proven that the defendant possessed crack cocaine. That is in the case in which the vial was found. The residue was insufficient according to the uncontroverted testimony of the SLED agent to prove that it contained crack cocaine. *There is enough residue according to the uncontroverted testimony for there to have been an analysis of cocaine.* Therefore under the theory of the greater includes the lesser, I am reducing the charge in this indictment to a charge under the old statute that I have just read to you regarding possession of cocaine." (Emphasis added.)

Defense counsel's motion for directed verdict or a mistrial on that particular indictment because of the above remarks by the trial judge was denied.

Jackson was convicted of distribution of crack cocaine, distribution of cocaine and possession of cocaine. He was acquitted of the conspiracy charge.

## ISSUE

Whether the trial judge's statement during the jury charge was an impermissible comment on the facts, thereby constituting reversible error.

## DISCUSSION

Under South Carolina law, it is a general rule that a trial judge should refrain from all comment which tends to indicate to the jury his opinion on the credibility of the witnesses, the weight of the evidence, or the guilt of the accused. *State v. Campbell,* 374 S. E. (2d) 668 (S. C. 1988); *State v. Sosebee,* 284 S. C. 411, 326 S. E. (2d) 654, n. 1 (1985) (citing *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371 (1938) and *State v. Kennedy,* 272 S. C. 231, 250 S. E. (2d) 338 (1978); *State v. Smith,* 288 S. C. 329, 342 S. E. (2d) 600 (1986). Jackson argues that the judge's remark was an impermissible comment on the facts constituting reversible error. We disagree.

We conclude that the judge's remarks were an explanation of his ruling and its consequences rather than a comment on the facts. This statement explained how and why the charge of possession was being reduced from crack cocaine to simple cocaine. According to the chemist's testimony, there was an insufficient amount of the substance to conduct an analysis for crack cocaine. Without any evidence of crack cocaine, Jackson could not be charged with that offense on the indictment in question. In contrast, there was testimony that there was a sufficient amount of the substance to conduct an analysis of cocaine. This explains how Jackson could be charged with the lesser included offense. The judge did not say that the analysis determined that the substance was cocaine. He merely stated that an analysis was conducted.

Jury instructions must be considered as a whole and, if as a whole, they are free from error, any isolated portions which might be misleading do not constitute reversible error. *State v. Thompson,* 278 S. C. 1, 292 S. E. (2d) 581, *cert. denied,* 456 U. S. 938, 102 S. Ct. 1996, 72 L. Ed. (2d) 458 (1982); *State v. Daniels,* 231 S. C. 176, 97 S. E. (2d) 902 (1957). Here, the jury was instructed several times that it was the sole arbiter of facts and the credibility of witnesses. The jury was also instructed to disregard any statement by the judge

which may be interpreted as an opinion by him as to facts. Although these instructions were given prior to the statement about the analysis for cocaine, they are important when viewing the jury instructions as a whole.

Furthermore, the test is what a reasonable juror would have understood the charge as meaning. *California v. Brown*, 479 U. S. 538, 107 S. Ct. 837, 93 L. Ed. (2d) 934 (1987); *Francis v. Franklin*, 417 U. S. 307, 105 S. Ct. 1965, 85 L. Ed. (2d) 344 (1985); *Sandstrom v. Montana*, 442 U. S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979). It is unlikely that a reasonable juror would have singled out this portion of the charge and interpreted it as an opinion on the facts of this case or an instruction as to the weight to be given the evidence.

For the reasons discussed above, the lower court is

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.