THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Andre Terrance Auls, Appellant.
 
 
 

Appeal From Greenwood County
 Wyatt T. Saunders, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-078
Submitted February 1, 2007  Filed February 13, 2007

AFFIRMED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant,
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Andre Terrance Auls appeals his convictions for resisting arrest with a deadly weapon, assault and battery with intent to kill (ABWIK),  and possession of a firearm during the commission of a violent offense.  He argues the trial court erred in improperly commenting upon the facts of the case during its instructions to the jury.  We affirm.[1]      
FACTS
On July 31, 2002, four city police officers went to a residence to arrest Andre Terrance Auls.  When they arrived, one officer, Peppers, was sent to the back of the residence to ensure that Auls would not flee.  The other three officers approached the front porch of the residence and asked Auls to come off the porch and into the front yard to speak with them.  Auls complied, and the officers instructed him to put his hands on the hood of the police car.  Auls followed the instruction, but the officers testified that when he was told he was being arrested, he stood up, reached behind his back and pulled a gun from the waistband of his pants.  A struggle between Auls and the officers ensued, and Officer Atkins was shot in the hip.   
Officer Peppers responded from behind the house and called for backup.  With Officers Gray and Butler continuing to struggle with Auls, the backup officer (Pratt) arrived and pepper sprayed Auls, whereupon he was subdued.  The police arrested Auls and charged him with resisting arrest with a deadly weapon, assault and battery with intent to kill (ABWIK), and possession of a firearm during the commission of a violent offense.    
A Greenwood County jury found Auls guilty of all charges.  The trial judge sentenced Auls to consecutive prison terms of five years for resisting arrest with a deadly weapon, sixteen years for assault and battery with intent to kill, and five years for possession of a firearm during the commission of a violent offense.[2]  This appeal followed.      
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only.  State v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  An appellate court will not reverse the trial judges decision regarding jury charges absent an abuse of discretion.  Clark v. Cantrell, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).  An abuse of discretion occurs when the trial courts ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.  Id.       
LAW/ANALYSIS
Auls contends the trial court erred in its charge to the jury by improperly commenting on the facts of the case.  We disagree.
Article V, § 21 of the South Carolina Constitution states:  Judges shall not charge juries in respect to matters of fact, but shall declare the law.  South Carolina law dictates that a trial judge should refrain from any comment which tends to indicate to the jury his opinion on the credibility of the witnesses, the weight of the evidence, or the guilt of the accused.  State v. Jackson, 297 S.C. 523, 526, 377 S.E.2d 570, 572 (1989).  However, jury instructions must be considered in their entirety and, if in their entirety, they are free from error, then any potentially misleading portions do not constitute reversible error.  Id.   
Auls objects to the charge to the jury regarding the definitions of assault and battery and inferred malice.  The trial court instructed the jury on the definition of assault and battery, and then utilized the examples of being hit with a baseball bat or being shot with a gun.  The court stated:  Assault, hit you with the bat, carrying through is the battery.  Assault pointing a gun, cocking it, shooting it, bullet enters your body, its a battery.  Assault and battery.  The trial court went on to instruct the jury regarding inferred malice as follows:  

 What is inferred malice?  Thats the implication of malice because of the existence or the possession of, for instance, a deadly weapon which is calculated to produce death or serious bodily harm.  You have already been told that a deadly weapon or instrument are [sic] weapons which are made or designed for offensive or defensive purposes or from which destruction of life or the infliction of injury may likely occur, one which in the manner used is calculated or likely to produce death or serious bodily injury.

Auls further notes that the trial court, in its earlier jury instruction regarding the definition of a deadly weapon, specifically noted a firearm as being a deadly weapon.  Auls believes these instructions are the result of the trial court impermissibly commenting of the facts of the case.
We conclude that the trial courts remarks served only an explanatory function and did not offer an improper comment regarding the facts of the case.  The instruction to the jury included several examples of what constitutes both a deadly weapon and an assault and battery, and there was no mention of the specific facts of this case.  We find no error with the inferred malice instruction and we note the trial court immediately followed the above quoted inferred malice instruction by stating:

 If facts are proved beyond a reasonable doubt to your satisfaction sufficient to raise an inference of malice, this inference would simply be an evidentiary fact to be taken into consideration by you the jury, along with any other evidence in the case, and you may give it such weight as you determine it should receive.        

(emphasis added).  
Just as considering the instruction regarding inferred malice in its entirety lends credence to the propriety of the trial courts instructions, so too does a consideration of the entire jury instruction.  Near the outset of the trial courts charge to the jury, the court instructed:

 If you have drawn any inference from anything the court has done, said, or any ruling the court has made on any motion, movement or acts of the court in any way, then you should disabuse yourself of it.  The Court has no interest in the outcome of this trial.  The Court has tried to be and hopefully has succeeded in being fair to both parties in this trial.  Make nothing of the Courts rulings on motions or anything you may have thought indicated the Courts feeling about this case or the evidence in this case, completely disabuse yourself of it.  

The court went on to instruct the jurors that they were the sole finders of fact and the sole judges of credibility and that the court had no right to pass upon the facts of the case.  Subsequent to its instructions regarding assault and battery and inferred malice, the trial court again instructed the jury regarding this issue thusly of course you are to draw no inference from the courts remarks, as the court has instructed you. 
Further, this court must ascertain what a reasonable juror would have understood the charge to mean.  Jackson, 297 S.C. at 527, 377 S.E.2d at 572.  We find it unlikely that a reasonable juror could have singled out this portion of the charge and interpreted it as the courts opinion on the facts of this case.
CONCLUSION
We find no error by the trial court in its charge to the jury.  Based on the foregoing, Aulss conviction is
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR. 
[2] These sentences are also consecutive to the sentence Auls was already serving pursuant to his previous guilty plea for armed robbery.