THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Caniskey Horton, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-502
 Submitted October 1, 2007  Filed October
 29, 2007

AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General S. Creighton Waters, of Columbia;  and Solicitor Kevin Scott
 Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Caniskey
 Horton appeals his convictions for murder, assault and battery with intent to
 kill (ABIK), and possession of a firearm during the commission of a violent
 crime.[1] 
 We affirm.[2]
FACTS
In the early morning hours of December 21,
 2002, Caniskey Horton fired his gun five times in the parking lot of The Money
 night club.  He shot and injured Matthew Cousar (Cousar) and shot and killed
 Jacques Cousar (the deceased).  
Horton
 and four others (Hortons group) drove to The Money in Rock Hill, South Carolina.  Hortons group enjoyed their time at the club without incident and then
 exited into the parking lot at approximately 3:30 a.m.  Cousar and five others
 (Cousars group) exited The Money at approximately the same time.  The groups noticed
 that a car had parked very close to a car belonging to a member of Cousars group. 
 A member of Cousars group commented on the parked car as Hortons group passed.
Cousar
 allegedly yelled as Hortons group began to drive away.  The driver of the
 Horton groups vehicle stopped, rolled down the window, and asked Cousar: What
 did you say to me?  Cousar replied that he was talking about the parked car.  Cousar
 testified that the Horton group driver then swore at him.  Cousar then stated that
 none of the people in Hortons vehicle were soldiers.[3]  Horton exited the vehicle and
 approached Cousar.  There are conflicting accounts of the events following this
 point.  
Cousar testified he could see that Horton cocked a gun and placed
 it in his jacket upon exiting the vehicle.  Horton testified he did not have
 the gun at that time.  Cousar admitted he then struck Horton in the head with a
 violent blow that knocked him to the ground.  The force of the blow either
 dislodged the gun from Horton, or Horton reached into the vehicle for the gun. 
 Two members of Hortons group exited the vehicle and helped Horton back to his
 feet.  One of these two men may have handed Horton his gun.  
It is clear that Horton ultimately fired the gun five times in the
 direction of Cousars group.  Three of the bullets hit the deceased and one hit
 Cousar.  Immediately following the shooting, Horton and his group exited the
 parking lot in their vehicle.  
The
 trial court sentenced Horton to concurrent sentences of thirty-five years for
 murder, twenty years for ABIK, five years for possession of the firearm, and
 one year for unlawfully carrying a pistol.  This appeal follows.
STANDARD OF REVIEW
In
 criminal cases, the appellate court sits to review errors of law only.  State
 v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  An appellate court
 will not reverse the trial judges decision regarding jury charges absent an abuse of discretion.  Clark v. Cantrell, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).  An abuse
 of discretion occurs when the trial courts ruling is based on an error of law
 or, when grounded in factual conclusions, is without evidentiary support.  Id.       
 
LAW/ANALYSIS
Horton contends
 the trial court erred in its
 instruction to the jury because it was inconsistent with the facts of the case.[4]  We disagree.
During
 the pre-charge conference, Horton objected to the States requested charge that
 words alone were not sufficient provocation to justify voluntary manslaughter. 
 Horton argued that because Cousar initially struck him, an instruction on words
 alone was improper. The trial court charged in part: 
The provocation needed for voluntary manslaughter must come from
 some act of or related to the victim or victims.  Words alone however vulgar or
 insulting are not enough to be legal provocation.  Where death is caused by the
 use of a deadly weapon the words must be accompanied by some overt threatening
 act which could have produced the heat of passion.  The exercise of a legal
 right no matter how offensive it is to another is never sufficient legal
 provocation for voluntary manslaughter.
Horton argues this charge does not apply to the facts of this case
 and merely confused the jury.  Jury
 instructions must be considered in their entirety and, if in their entirety,
 they are free from error, then any potentially misleading portions do not
 constitute reversible error.  State v. Jackson, 297 S.C. 523, 526, 377
 S.E.2d 570, 572 (1989).  In its entirety, the jury instruction accurately informed
 the jury that words alone are insufficient legal provocation to justify
 voluntary manslaughter.  The instructions also informed the jury that an overt threatening act could have produced
 the heat of passion necessary to justify voluntary manslaughter.  The jury was
 aware that Cousar struck Horton prior to the shooting and was free to find this
 to be the required overt act.  We find no error in the trial courts charge to
 the jury.      
CONCLUSION
Based
 on the foregoing, Hortons convictions are
AFFIRMED.
STILWELL, SHORT, and WILLIAMS JJ., concur.

[1]  Horton does not appeal his conviction for
 unlawfully carrying a pistol. 
[2]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[3]  Slang indicating the Horton group was not
 tough.  
[4]  The State argues this issue is not preserved
 for our review because Hortons objection was not sufficiently specific. 
 Horton objected to the jury instruction stating it went further than the facts
 of the case and that it was uncontradicted that Cousar hit Horton.  We find
 Hortons objection sufficient to preserve the issue for appellate review.