**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Manuel Antonio Pacheco, Appellant.

Appellate Case No. 2014-001671

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2016-UP-414
Submitted September 1, 2016 – Filed October 5, 2016

**REVERSED AND REMANDED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Attorney General Mark Reynolds Farthing, all of Columbia, for Respondent.

**PER CURIAM:** Manuel Pacheco appeals his conviction for first-degree criminal sexual conduct (CSC) with a minor, arguing the trial court erred in charging the

jury that victim testimony in a CSC prosecution need not be corroborated.[1]  In light of our supreme court's recent opinion in *State v. Stukes*,[2] we agree the charge was erroneous.  Here, the State's case rested exclusively on the testimony of the minor-victim and other witnesses who recounted the abuse as disclosed to them.  *Contra State v. McBride*, 416 S.C. 379, 394, 786 S.E.2d 435, __ (Ct. App. 2016) (finding that because of the following corroborating evidence, McBride was not prejudiced by the charge: "victim's mother testified she smelled men's cologne and saw the stain on the victim's shirt.  The mother's sister testified she confronted McBride and he said he did not mean to do it, and 'tr[ied] to compromise with [her].'").  Therefore, we find the trial court's error was not harmless beyond a reasonable doubt.  *See State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("Errors, including erroneous jury instructions, are subject to harmless error analysis.").  Accordingly, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**[3]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] "The testimony of the [CSC] victim need not be corroborated in prosecutions under [s]ections 16-3-652 through 16-3-658 [of the South Carolina Code]."  S.C. Code Ann. § 16-3-657 (2015).

[2] *State v. Stukes*, 416 S.C. 493, ___,787 S.E.2d 480, 482–83 (2016), *reh'g denied* (July 15, 2016) (holding a jury charge pursuant to section 16-3-657 "is confusing and violative of the constitutional provision prohibiting courts from commenting to the jury on the facts of a case").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.