# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Nathaniel Witherspoon, Petitioner.

Appellate Case No. 2016-000306

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Charleston County
The Honorable Deadra L. Jefferson, Circuit Court Judge,

---

Opinion No. 27675
Submitted October 4, 2016 – Filed November 2, 2016

---

### REVERSED

---

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, for Respondent.

---

**PER CURIAM:**   Petitioner seeks a writ of certiorari to review the Court of Appeals' opinion in *State v. Witherspoon*, Op. No. 2015-UP-556 (S.C. Ct. App. filed Dec. 16, 2015).  We grant the petition, dispense with further briefing, and reverse the Court of Appeals' decision.

At petitioner's trial for first-degree criminal sexual conduct (CSC) and first-degree burglary, the trial judge instructed the jury on section 16-3-657 of the South Carolina Code, which provides that testimony of the victim need not be corroborated in prosecutions for CSC.[1]  Defense counsel objected to the charge as an improper comment on the facts, but was overruled.  Petitioner was convicted of both charges and sentenced to eighteen years' imprisonment for each conviction, to be served concurrently.  The Court of Appeals affirmed.

After the Court of Appeals issued its opinion in *Witherspoon*, this Court held, in *State v. Stukes*, 416 S.C. 493, 787 S.E.2d 480 (2016), that a jury charge including the language of section 16-3-657 was confusing and an unconstitutional comment on the facts.[2]  This Court explained that, "[b]y addressing the veracity of a victim's testimony in its instructions, the trial court emphasizes the weight of that evidence in the eyes of the jury." *Id.*  The opinion explicitly overruled precedent condoning the use of section 16-3-657 as a jury charge, and provided that the ruling would be effective for all cases pending on direct appeal.  *Id.*

Moreover, given the centrality of the issue of credibility in this case, and the absence of other overwhelming evidence of petitioner's guilt, we find the erroneous charge instructing the jury that the victim's testimony need not be corroborated was prejudicial.

**REVERSED.**

**PLEICONES, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.  FEW, J., not participating.**

---

[1] S.C. Code Ann. § 16-3-657 (2015).

[2] *See* S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."); *State v. Jackson*, 297 S.C. 523, 526, 377 S.E.2d 570, 572 (1989) ("Under South Carolina law, it is a general rule that a trial judge should refrain from all comment which tends to indicate to the jury his opinion on the credibility of the witnesses, the weight of the evidence, or the guilt of the accused.").