**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rodney Michael Alexander, Appellant.

Appellate Case No. 2016-000112

Appeal From Greenville County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2018-UP-259
Submitted April 2, 2018 – Filed June 13, 2018

**REVERSED**

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Van Henry Gunter, Jr., both of
Columbia, and Solicitor William Walter Wilkins, III, of
Greenville, for Respondent.

**PER CURIAM:** Appellant Rodney Michael Alexander appeals his convictions
for second-degree criminal sexual conduct with a minor (CSC) and lewd act upon a
child, arguing the trial court erred by (1) instructing the jury a victim's testimony

need not be corroborated and (2) allowing a social worker to testify about sex abuse dynamics and her treatment of the alleged victim because such testimony improperly bolstered the alleged victim's testimony. We reverse.

We find the trial court erred by instructing the jury the alleged victim's testimony need not be corroborated because it was an improper comment on the facts. *See* S.C. Code Ann. § 16-3-657 (2015) (providing "[t]he testimony of the victim need not be corroborated in prosecutions [for criminal sexual conduct]"); *State v. Logan*, 405 S.C. 83, 90, 747 S.E.2d 444, 448 (2013) ("In reviewing jury charges for error, this Court considers the trial court's jury charge as a whole and in light of the evidence and issues presented at trial."); *State v. Stukes*, 416 S.C. 493, 498, 787 S.E.2d 480, 482 (2016) ("Jury instructions should be designed to enlighten the jury and aid it in arriving at a correct verdict."); *id*. ("Regardless of whether the charge is a correct statement of the law, instructions which confuse or mislead the jury are erroneous."); *State v. Jackson*, 297 S.C. 523, 526, 377 S.E.2d 570, 572 (1989) (explaining the general rule is a trial court "should refrain from all comment [that] tends to indicate to the jury [its] opinion on the credibility of the witnesses, the weight of the evidence, or the guilt of the accused"); *Stukes*, 416 S.C. at 499, 787 S.E.2d at 483 (finding a trial court erred by giving a jury instruction consistent with section 16-3-657 because it is "confusing and violative of the constitutional provision prohibiting courts from commenting to the jury on the facts of a case"); *id*. (noting an instruction consistent with section 16-3-657 "invites the jury to believe the victim, explaining that to confirm the authenticity of her statement, the jury need only hear her speak"); *State v. Witherspoon*, 418 S.C. 641, 642–43, 795 S.E.2d 685, 686 (2016) (reaffirming the holding from *Stukes* regarding section 16-3-657).

Additionally, we find the trial court's error was not harmless because the case turned on the alleged victim's credibility. In *Stukes*, our supreme court found the erroneous jury instruction was not harmless because the "case hinged on credibility" and the jury appeared confused on whether it was required to accept the victim's testimony as truth. 416 S.C. at 500, 787 S.E.2d at 483. Again, in *Witherspoon*, our supreme court found the erroneous jury instruction was not harmless "given the centrality of the issue of credibility . . . and the absence of other overwhelming evidence of [the defendant]'s guilt." 418 S.C. at 643, 795 S.E.2d at 686; *see also State v. McBride*, 416 S.C. 379, 394, 786 S.E.2d 435, 442 (Ct. App. 2016) (finding a jury instruction consistent with section 16-3-657 "was harmless beyond a reasonable doubt" because the victim's testimony was corroborated by other evidence, including an alleged confession by the defendant

and the alleged victim's mother observing a stain and smelling men's cologne on the victim's shirt).

Here, we find the erroneous jury instruction was not harmless because the case turned on the alleged victim's credibility. As in *Stukes* and *Witherspoon*, the jury in this case determined Appellant's guilt by making credibility determinations. Appellant and the State argued during closing arguments the case came down to witness credibility. There was no physical evidence or testimony from other witnesses to corroborate the victim's allegations that Appellant sexually assaulted her for over ten years. Unlike in *McBride*, there was no significant corroborating evidence in this case.

Moreover, the victim's credibility was in doubt due to the witnesses, including the victim, who admitted she had been untruthful in the past. Also, the veracity of her allegations was questionable due to her repeated requests throughout her life to live in the same house with Appellant. Further, many witnesses offered contradictory evidence on when Appellant met the victim, which undermined her claim that Appellant began abusing her when she was two years old. As a result, we find the evidence in this case is most similar to *Stukes* and *Witherspoon*. Witness credibility was the central issue in the case, and the trial court's error was not harmless. Accordingly, we reverse.[1]

**REVERSED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] Because this issue is dispositive of Appellant's remaining issue, we decline to address it. *See State v. Corley*, 383 S.C. 232, 244–45, 679 S.E.2d 187, 194 (Ct. App. 2009) (explaining an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.