**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Archie Crews, IV, Appellant.

Appellate Case No. 2016-000670

———

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———

Unpublished Opinion No. 2018-UP-339
Submitted June 1, 2018 – Filed July 25, 2018

———

**REVERSED AND REMANDED**

———

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia, and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———

**PER CURIAM:** James Archie Crews appeals his conviction for first-degree criminal sexual conduct (CSC) with a minor, arguing the trial court erred in charging

the jury that victim's testimony need not be corroborated by other evidence in contravention of *State v. Stukes*.[1]  We agree.

## I.

We find the trial court erred by instructing the jury that victim's testimony need not be corroborated by other evidence.  "In reviewing jury charges for error, this [c]ourt considers the trial court's jury charge as a whole and in light of the evidence and issues presented at trial."  *State v. Logan*, 405 S.C. 83, 90, 747 S.E.2d 444, 448 (2013).  "In criminal cases, this court reviews errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous."  *State v. McBride*, 416 S.C. 379, 385, 786 S.E.2d 435, 438 (Ct. App. 2016).  "Regardless of whether the charge is a correct statement of law, instructions which confuse or mislead the jury are erroneous."  *Stukes*, 416 S.C. at 498, 787 S.E.2d at 482.

## II.

The State's case-in-chief consisted of three main witnesses—victim, his mother, and Ashleigh Benda, the nurse who performed the physical examination on the victim. Both victim's mother and Benda testified as to what victim disclosed to them about the alleged abuse.  The State also called Millicent Walker, who was responsible for conducting the forensic interview with victim at the Dorchester Children's Center. Walker's testimony was limited to laying a foundation for the forensic interview video to be introduced into evidence.  Additionally, the State called Kendra Twitty, a forensic interviewer and therapist at Hope Haven, a children's advocacy center, as an expert witness in the field of child-abuse dynamics.[2]  The State offered no physical or forensic evidence, other than introducing the video of victim's forensic interview into evidence.

Throughout her closing argument, the assistant solicitor repeatedly told the jury victim's testimony "need not be corroborated."  The State also acknowledged its case depended entirely on the jury believing victim's testimony, stating "I want you to think about this.  In this case it is black and white.  You either believe [victim] or you think he's lying . . . ."

---

[1] 416 S.C. 493, 787 S.E.2d 480 (2016).
[2] Twitty had never met victim, and did not offer any evidence to corroborate his testimony.

During its jury charge, the trial court instructed the jury that victim's testimony in a first-degree CSC with a minor case need not be corroborated, citing S.C. Code Ann. § 16-3-657, which provides: "The testimony of the victim need not be corroborated in prosecutions under §§ 16-3-652 through 16-3-658." (Supp. 2017). Specifically, the trial court charged:

> I further charge you that the testimony of the victim need not be corroborated in prosecutions under Sections 16-3-652 through 16-3-658 and I further charge you that this offense is alleged to be a violation of Section 16-3-655.

At the time of Crews' trial, this jury instruction had been approved by our supreme court in *State v. Rayfield*, 369 S.C. 106, 117–18, 631 S.E.2d 244, 250 (2006). However, a short time after Crews' trial, our supreme court deemed it "confusing and violative of the constitutional provision prohibiting courts from commenting to the jury on the facts of a case." *Stukes*, 416 S.C. at 493, 787 S.E.2d at 483 (citing S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law.")).

*Stukes* held the State had not satisfied its burden of showing the error was harmless beyond a reasonable doubt because the "case hinged on credibility" and the jury seemed confused on whether it was obligated to accept the victim's testimony as truth. *Id.* at 500, 787 S.E.2d at 483. Our supreme court reaffirmed *Stukes* in *State v. Witherspoon*, finding the erroneous jury instruction was not harmless "given the centrality of the issue of credibility . . . and the absence of other overwhelming evidence of [the defendant]'s guilt." 418 S.C. 641, 643, 795 S.E.2d 685, 686 (2016).

Shortly after *Stukes*, this court decided *State v. McBride*, holding the "non-corroborating" jury charge was erroneous, but that the State satisfied its burden of showing the error was harmless beyond a reasonable doubt. 416 S.C. at 394, 786 S.E.2d at 442. This court stated, "there was corroborating evidence shown against McBride because "[t]he victim's mother testified she smelled men's cologne and saw the stain on the victim's shirt. The mother's sister testified she confronted McBride and he said he did not mean to do it, and 'tr[ied] to compromise with [her].' The sister described it as McBride's confession." *Id.*

Here, we find the jury instruction was not harmless because the case boiled down to credibility. As in *Stukes* and *Witherspoon*, there was no independent testimony from any other witness with firsthand knowledge as to the abuse—the only evidence was victim's testimony and witnesses who recounted the abuse as disclosed to them. As

the State conceded during closing argument, its case depended entirely upon the jury believing victim's testimony. In contrast from *McBride*, there was no compelling corroborating evidence in this case.

Thus, because the State's case rested exclusively on victim's testimony and the testimony of others who recounted the abuse as disclosed to them, we find the trial court's error was not harmless, and accordingly, we reverse Crews' conviction and sentence and remand for a new trial.

**REVERSED.**[3]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.