# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Justin Ryan Cone, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-001498

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from Pickens County
William P. Keesley, Circuit Court Judge (Trial)
Alex Kinlaw Jr., Circuit Court Judge (PCR)

———————

Opinion No. 28230
Heard May 23, 2024 – Filed August 14, 2024

———————

## REVERSED AND REMANDED

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia, for Respondent.

———————

**PER CURIAM:**  Justin Ryan Cone was convicted of first-degree criminal sexual conduct with a minor.  The trial court refused the State's request for a jury instruction that, under section 16-3-657 of the South Carolina Code (2015), the testimony of an alleged victim of criminal sexual conduct need not be corroborated.  However, over Cone's objection, the trial court allowed the State to cite and quote the statute during its closing argument.  The court of appeals affirmed Cone's conviction, holding the issue of whether the State could argue section 16-3-657 was unpreserved.  We reverse the court of appeals and remand for a new trial.

## I.  Background

The victim's mother and father, Mr. and Mrs. Miller, testified Cone frequented the Miller home over the course of six to eight years and that a three-way and sometimes two-way sexual relationship developed between the couple and Cone.  The evidence established the sex acts typically took place in either the living room or in the couple's bedroom and usually occurred when Cone and the Millers were drunk.  The Miller home was small and none of the bedrooms had doors.  The children's bedroom doorways were covered by sheets tacked to the door frames.

Mrs. Miller testified that shortly before Christmas of 2011, she witnessed the victim's younger sister rubbing the "private parts" of a toy doll.  Mrs. Miller asked the child how she learned to do that, and the child told her she and the victim would do that to each other.  Mrs. Miller testified she did not want to ruin Christmas for the family, so she decided to wait until after Christmas to ask the victim about her sister's revelation.  On January 1, 2012, Mrs. Miller approached the victim, and the victim told her she had been sexually abused in her bedroom.  At trial in 2014, the victim testified Cone sexually abused her in the home from the time she was four- or five-years old up to the time she told her mother at age nine.  She testified the abuse consisted of her performing oral sex on Cone while she was naked and his pants were halfway down.  There was no evidence to corroborate the victim's account.

During the charge conference, the trial court asked if the State was going to request an instruction on the "specific statute [section 16-3-657] that says it is not required that the victim's testimony be corroborated," and the solicitor responded he wanted the instruction given, and he stated he planned to refer to the statute during closing argument.  Defense counsel objected to the instruction as an improper comment by the trial court on the facts.  The trial court decided not to instruct the jury on section 16-3-657, opting instead for the customary general instruction to the jury that it "may

believe one witness against many or many against one."  The trial court also ruled the State could argue the statute to the jury because, the court stated, "It's the law." Following this ruling, the State asked permission to "open on the law"[1] and to quote section 16-3-657.  Defense counsel stated:

> I don't object to him opening on the law.  I would ask—I believe he should only open on the law as to the charge against Mr. Cone.  So, I would object to him opening on that point of the law.  I do respect the court's ruling that either of us can argue it, and he can argue that.  But I don't think that opening on the law is proper for anything other than the charge against Mr. Cone.

The trial court ruled, "If you wish to open and you wish to discuss the law, I'll let you do it."  The State then informed the trial court he planned to "say something along the lines of, and if this is an incorrect or misstatement of the law, His Honor will correct it with his jury charge."  The trial court approved this statement.  Defense counsel then raised an additional objection:

> I don't want to waive this just purely for appellate purposes.  I do object to him referencing that in his opening on the law for the reasons I've stated.  And as long as you say the records are protected, I'm not going to object during his actual opening statement.

Before the jury was brought back into the courtroom, the State informed the trial court, "I've decided I'm not going to open on the law."  Cone then presented the first closing argument, during which his counsel stated,

> What it comes back to is we've got not one piece, not one shred of independent corroboration of any type . . . .  And

---

[1] Much of the confusion surrounding issue preservation in this case arises because the parties used a term—"open on the law"—that is not clearly defined.  As the trial judge stated, "'Opening on the law' is an interesting thing because nobody seems to know where it came from."  It is clear in this case the trial judge and Cone's attorney had different understandings of the meaning of the term.

there are lots of different types out there that could be brought before you and they haven't been. The law doesn't require it. But it would be a huge concern for me with the stakes as high as they are.

In his closing argument, the solicitor stated:

Now, there's another section in our law, section 16-3-657, criminal sexual conduct, testimony of a victim need not be corroborated. "The testimony of the victim need not be corroborated in prosecutions under Section 16-3-652 to 658," which are the sections governing criminal sexual conduct. And I've said this before and I'll say it again, if anything I've misstated, His Honor will correct me. If I've said something wrong about the law, His Honor will correct me. But if I'm not mistaken, he will make plain to you that you can believe one person over many. You can put whatever weight on any piece of testimony you want to put. That's your prerogative. That's what you're permitted to do as jurors. And that's what we expect you to do.

Following closing arguments, the trial court instructed the jury:

You alone judge the credibility of the witnesses. In other words, whether or not a witness's testimony is believable. In that regard, you may believe all that a witness said or none of it. You may believe part of what a witness said and not believe the balance. You may believe one witness against many or many against one. You may consider any interest, bias, or prejudice that you feel that a witness has in the case. You may consider the demeanor and the opportunity for knowledge and the appearance that the witness had. You may consider the lack of evidence presented by the State. But you're not to exercise these considerations arbitrarily.

In accordance with its prior ruling, the trial court did not instruct the jury on section 16-3-657. After jury instructions, the trial court asked defense counsel whether he wanted to preserve any objections he made during the charge conference. Defense counsel stated, "I do. I just object to my colleague referencing that statute, corroboration statute in his closing, but I'm just reiterating that." Cone was convicted as indicted and sentenced to thirty years in prison.

After trial counsel failed to timely perfect Cone's direct appeal, Cone filed an action for post-conviction relief in which he requested a belated appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). Under *White*, "Following a trial, [trial] counsel is required to make certain the defendant is made fully aware of the right to appeal. . . . In the absence of an intelligent waiver by the defendant, [trial] counsel must . . . initiate an appeal . . . ." *Turner v. State*, 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008) (citing *White*, 263 S.C. at 118, 208 S.E.2d at 39); *see* Rule 203(b)(2), SCACR ("After a . . . trial resulting in conviction . . . , a notice of appeal shall be served on all respondents within ten . . . days after the sentence is imposed."). The post-conviction relief court found Cone did not waive his right to appeal and ordered that Cone receive a belated appeal. The court of appeals found the issues presented to be unpreserved and affirmed. *Cone v. State*, Op. No. 2022-UP-323 (S.C. Ct. App. filed Aug. 3, 2022). The court of appeals also held Cone conceded the issue by acknowledging the State could argue the statute during its closing argument. We granted Cone's petition for a writ of certiorari and now find the issues are preserved and reverse.

## II. Preservation

The State contends Cone's argument that the State should not have been allowed to argue section 16-3-657 to the jury is not preserved for appellate review. We disagree, as it is apparent from the record the trial court understood and ruled on Cone's objection to the State being allowed to argue the statute to the jury. "A trial court's opportunity to rule necessarily includes both parties being aware of the nature of the objection such that they may present their best arguments addressing *that* objection." *State v. Morales*, 439 S.C. 600, 609, 889 S.E.2d 551, 556 (2023) (citing *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012)). The objecting party must be sufficiently clear in framing the objection; however, the party is not required to use the exact name of a legal doctrine

to preserve the issue. *Buist v. Buist*, 410 S.C. 569, 574-75, 766 S.E.2d 381, 383-84 (2014) (citations omitted). Appellate courts should not apply preservation rules "in a technical manner as if this is some sort of game of 'gotcha' elevating form over substance to trap trial lawyers so as to prevent the appeal of a legitimate issue." *Morales*, 439 S.C. at 609, 889 S.E.2d at 556 (citations omitted).

Both before closing arguments and after jury instructions, Cone objected to the State arguing section 16-3-657 to the jury. The trial court ruled on the issue before closing arguments, stating, "[section 16-3-657 is] the law and it's proper to argue anything that's in the law." We find nothing in the statements of Cone's counsel indicating the objection was "restricted"—as the dissent contends—to what the State might say in the opening portion of its closing argument as opposed to its reply portion. The whole problem began when the assistant solicitor used the term "open on the law." In his very next sentence, however, the assistant solicitor made his request clear, telling the trial court, "I'd like permission to reference that statute specifically and use the language of the statute." In a perfect response, Cone's counsel would have phrased his objection to "referenc[ing] that statute specifically" instead of repeating the vague phrase "open on the law." But the legal analysis is the same no matter when in its closing argument the State mentions the statute, and it is apparent the trial court understood the objection and expressly ruled the State should be able to argue section 16-3-657 to the jury.

We also disagree with the court of appeals that Cone waived his objections to the State arguing the statute. While defense counsel stated during the charge conference, "I do respect the [c]ourt's ruling that either of us can argue [section 16-3-657], and [the State] can argue that[,]" Cone contends this statement was not a waiver of the objection, but was rather a recognition of the trial court's ruling. We agree with this interpretation of defense counsel's statement, especially in light of the fact that defense counsel again raised an objection regarding the State referencing the statute following the conclusion of jury instructions. Therefore, we hold Cone's section 16-3-657 argument is preserved and Cone did not concede the issue at trial.

### III. Section 16-3-657

South Carolina Code section 16-3-657 provides, "The testimony of the victim need not be corroborated in prosecutions under Sections 16-3-652 through 16-3-658." Cone was charged under subsection 16-3-655(A)(1) (2015). In *State v. Stukes*, 416 S.C. 493, 787 S.E.2d 480 (2016), we held it was error to instruct the jury on section

16-3-657.  416 S.C. at 499, 787 S.E.2d at 483.  Here, the trial court decided it would not instruct the jury on section 16-3-657, concluding the general jury instruction on the statute would be too targeted as to the victim's testimony.  That ruling was prescient, in light of our subsequent holding in *Stukes*.

We have not decided, however, whether a party may properly argue the statute to the jury.  Today, we hold this is not proper and the jury should never hear section 16-3-657 whether it be from a jury instruction or a party's argument.  In dissent in *State v. Rayfield*, 369 S.C. 106, 631 S.E.2d 244 (2006)—which a majority of this Court found persuasive in *Stukes*—Justice Pleicones adopted the view that section 16-3-657 "merely serves to guide trial and appellate courts in analyzing the sufficiency of evidence."  *Stukes*, 416 S.C. at 499, 787 S.E.2d at 482 (citing *Rayfield*, 369 S.C. at 119, 631 S.E.2d at 251 (Pleicones, J., dissenting)).  Taken outside of its proper context, the content of the statute may "invite[] the jury to believe the victim, explaining that to confirm the authenticity of her statement, the jury need only hear her speak."  416 S.C. at 499, 787 S.E.2d at 483.  This is true regardless of whether the jury hears the statute from a party or the judge.

The State argues it is always proper for a party to argue to the jury a correct statement of the law.  We disagree, especially as to a point of law upon which the trial court specifically refuses to instruct the jury.  Here, immediately after reciting the provisions of section 16-3-657, the solicitor, knowing the trial court would not provide an instruction on the statute, told the jury, "If I've said something wrong about the law, his Honor will correct me."  This comment compounded the error.  In the face of the trial court's decision not to instruct the jury on the statute, this comment effectively placed the trial court's stamp of approval on the State's argument regarding the statute.  The comment takes this case right back to our holding in *Stukes*.

Cone argued extensively during his closing argument that the only evidence of the victim's account came from the victim herself.  He noted a physical examination of the victim revealed no acute or chronic changes to the victim's genital area.  Cone argued the layout of the home was such that someone would have had to have witnessed his abuse of the victim, especially since it allegedly occurred numerous times over the course of five years.  Cone ended this portion of his argument by stating, "What it comes back to is we've got not one piece, not one shred of independent corroboration of any type . . . .  And there are lots of different types out

there that could be brought before you and they haven't been. The law doesn't require it. But it would be a huge concern for me with the stakes as high as they are."

As argued by Cone, the paramount issue for the jury was whether it should believe the victim's uncorroborated testimony that Cone sexually assaulted her. Allowing the State to argue section 16-3-657 to the jury elevated the victim's testimony above that of other witnesses. The solicitor's assurance to the jury that the trial court would correct him if he incorrectly stated a point of law heightened the jury's consideration of the victim's testimony even more, especially after the trial court did not instruct the jury on the statute. Therefore, the error in allowing the State to argue the statute to the jury was not harmless, even though the trial court instructed the jury that the jury could believe one witness over many, or many witnesses over one.

### IV. Conclusion

For the foregoing reasons, we reverse the court of appeals and remand to the circuit court for a new trial.

**REVERSED.**

**KITTREDGE, C.J., FEW, HILL, JJ., and Acting Justice Donald W. Beatty, concur. JAMES, J., dissenting in a separate opinion.**

**JUSTICE JAMES:** I agree with the majority that the State should not have been permitted to reference section 16-3-657 at any point during the trial, including the closing argument stage. However, because I agree with the court of appeals that the issue was not preserved, I respectfully dissent. Cone's objection was, in my view, clearly restricted to the State referring to section 16-3-657 in its opening on the law, as Cone stated to the trial court, "I believe he should only open on the law as to the charge against Mr. Cone. So, I would object to him opening on [section 16-3-657]." Cone also stated, "I do object to him referencing [section 16-3-657] in his opening on the law for the reasons I've stated."

The majority disagrees with my contention that Cone's objection was restricted to what the State might argue during its opening on the law. The transcript reflects Cone did just that. It was not until after jury instructions concluded that Cone made the argument he now makes—that the State should not have been permitted to reference the statute in its opening on the law <u>or</u> during its closing.